UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:98-CR-53(03) |
| | ) |
| MARCUS THOMPSON | ) |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se*[1] motions for a sentence reduction, [Doc. 167, 168, 173]. In the defendant's motion, he requests that the Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 706, 711, 782 and 788 to the United States Sentencing Guidelines Manual. The government has responded to the motion pursuant to Amendment 782, [Doc. 175], and the matter is ripe for review. For the reasons that follow, the motions are DENIED. The defendant's other pending *pro se* motions and the portion of his § 3582(c) motion requesting *nunc pro tunc* designation of his federal sentence to run concurrently to his later-imposed state sentence will be addressed in a later order and have no bearing on the resolution of these motions requesting a sentence reduction.

**I.      Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v.*

---

[1] Federal Defender Services was appointed to represent the defendant by Standing Order 14-07 and order, [Doc. 175]. However, because the defendant is categorically ineligible for relief, FDS is unlikely to file any supplemental motion on his behalf.

1

*United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendments 706 or 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court

2

"shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

On the other hand, even if Amendments 706 or 782 were to lower a defendant's offense level under Chapter Two of the Sentencing Guidelines, a court proceeds sequentially through the Guidelines Manual. *Id.* § 1B1.1. In Chapter Five, the guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See* U.S.S.G. § 5G1.1(b); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); *see also United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013).

## II. Factual Background

The defendant pleaded guilty to conspiring to distribute and possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). The defendant was classified as a career offender based upon his prior convictions, which resulted in a base offense level of 37. [PSR ¶ 23]. The defendant's offense level was reduced by three levels for accepting responsibility pursuant to USSG § 3E1.1(a), (b). [PSR ¶ 24]. The

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). The defendant, here, was sentenced below his guideline range based on a 5K1.1 motion for substantial assistance. However, because he is ineligible for a reduction, this provision does not apply.

defendant's guidelines range was 262 to 327 months based on an offense level of 34 and a criminal history category of VI. The defendant was subject to a mandatory minimum of 240 months' imprisonment. The defendant was ultimately sentenced to 144 months' imprisonment after the Court granted the government's § 5K1.1 motion for downward departure based on the defendant's substantial assistance. [Doc. 144 and Statement of Reasons].

## III.   Analysis

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Because the defendant was determined to be a career offender under Sentencing Guideline Section 4B1.1(a), the defendant's offense level and criminal history category were both determined by reference to subsection (b) of that guideline, and not the quantity of drugs for which he was held responsible. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 706 or 782's reduction to the Drug Quantity Table in Section 2D1.1. *See, e.g., United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (Court held that previous amendments to drug quantity table did not apply to lower sentence of Career Offender).

## III.   Conclusion

For the reasons stated herein, the defendant's motions, [Docs. 167, 168, 173], are DENIED. All provisions of the Judgment, [Doc. 144], as amended by Document 165, shall remain in effect.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE