UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:98-CR-53(03) |
| | ) |
| MARCUS THOMPSON | ) |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for "*nunc pro tunc* implementation" requesting the Court amend his judgment ordering that his federal sentence and state sentence run concurrently. [Doc. 169]. The defendant has also filed two motions to amend his motion for *nunc pro tunc* implementation. [Docs. 171, 176]. The defendant also argues for this implementation in his reply to the government's response of his § 3582(c) motion for sentence reduction.[1] [Doc. 177]. The motions to amend, [Docs. 171, 176] are granted. For the reasons that follow, the motion for *nunc pro tunc* implementation, [Doc. 169], is DENIED.

On December 2, 1998 the state of Tennessee revoked the defendant's parole in case number S37934 and ordered him to serve the remainder of a previously imposed 8-year term. [Presentence Report ("PSR") ¶ 32; Administrative Remedy Response Doc. 169-1]. While serving the state parole revocation, the defendant was sentenced by the Honorable Thomas G. Hull in this district after he pleaded guilty to conspiring to distribute and possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Judge Hull sentenced the defendant to serve 144 months' imprisonment to run consecutively to his

---

[1] The defendant's *pro se* motions for sentence reduction pursuant to Amendments 706 and 782 to the United States Sentencing Guidelines were previously denied. [Doc. 178].

previously imposed state court parole revocation sentence[2], [Doc. 144]. The federal court judgment was silent on whether the federal sentence should run consecutively or concurrently to a later-imposed state sentence. [Doc. 144]. On July 6, 2001 the defendant was sentenced in state court to a 20-year term of imprisonment to be served consecutive to the prior state court parole revocation and concurrent to the federal sentence. [Administrative Remedy Response Doc. 169-1].

The defendant satisfied his obligation to the state court for the parole revocation and subsequent state court sentence on May 2, 2012. [Administrative Remedy Response Doc. 169-1]. The defendant was then transferred to the custody of the United States Marshal to serve the 144-month federal sentence. [*Id.*]. The Bureau of Prisons ("BOP") currently calculates that the defendant will be released from federal custody on October 15, 2022.

Title 18 United States Code § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." Therefore, unless Judge Hull ordered the terms to run concurrently, the defendant's federal sentence and his later-imposed state court sentence must run consecutively. The BOP contacted the Court for a statement concerning its position on the retroactive designation that the defendant requests in his motion. Because Judge Hull's sentence pronouncement was silent as to his intention of whether the later-imposed state court sentence should run consecutively or concurrently, this Court would not speculate as to Judge Hull's intent and did not provide a statement to the BOP. Because the sentencing court did not submit a

---

[2] The judgment originally had the wrong state court parole violation case number. However, this clerical error was corrected to read "said sentence to run consecutive to his state sentence, Sullivan County Criminal Court, docket number S37934." [Doc. 165].

2

statement on the subject, the BOP proceeded to calculate the defendant's sentence pursuant to § 3584(a) and ran the terms consecutively.

The defendant has filed this motion, after it appears he exhausted his administrative remedies with the BOP, requesting that this court alter or amend its judgment and implement a "*nunc pro tunc*" order permitted his to be designated by the BOP to a state institution for the service of his federal sentence. In his motion, the defendant states that such a designation, essentially making his federal sentence run concurrently to his later-imposed state sentence, was the "original intent" of Judge Hull. However, the defendant fails to show that this was Judge Hull's intent where the judgment is silent on the subject.

The defendant argues that the BOP is exceeding its authority by calculating his federal sentence to run consecutively to his state sentence under *United States v. Sester*, 132 S.Ct. 1436 (2012), because only the judiciary can determine if a sentence is to run concurrently or consecutively. However, the BOP appears to be following *Sester*'s holding. In *Sester*, which was decided 12 years after the defendant was sentenced, holds that a district court may order a federal sentence to run consecutive to an anticipated state sentence that has not yet been imposed. *Id.* at 1468. The Supreme Court also held that the BOP could not, where such intent was not expressed by the district court, determine that a federal sentence would run concurrently to a state sentence through the powers granted in § 3621(b), which allows the BOP to designate the defendant to a state institution for the service of his federal sentence. *Id.* at 1469-70. However, *Sester* does not change the last two sentences of § 3584(a) which require that where a district court is silent on the subject, "multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." Here, the BOP is not in "deliberate defiance" of *Sester* but is instead following the law requiring multiple

3

sentences imposed at different times to run consecutively where the district court is silent on the subject. 18 U.S.C. § 3584(a). It would violate the Supreme Court's ruling in *Sester*, to the extent the defendant is requesting that the BOP designate his federal sentence to be served in a state institution, thereby effectively making his federal sentence concurrent to his later-imposed state sentence without the district court's permission.

For the same reasons that the Court chose not to respond to the BOP's letter, the Court now will not speculate as to the intent of Judge Hull in sentencing the defendant. The Court has no indication that Judge Hull intended to order the defendant's federal sentence to run concurrently to a later-imposed state court sentence. Therefore, the defendant's motion for *nunc pro tunc* designation, [Doc. 169], is DENIED.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

4

Case 2:98-cr-00053-JRG   Document 179   Filed 05/10/16   Page 4 of 4   PageID #: 103