UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:98-CR-53(3)
)
MARCUS THOMPSON )

MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court to address the defendant's April 25, 2019 motion for the imposition of a reduced sentence pursuant to Section 404 of the First Step Act. [Doc. 183]. The government has responded, [Doc. 184]. The matter is now ripe for review.

I. Background

In April 1999, the defendant pled guilty to Count One of the indictment for violating 21 U.S.C. §§ 841 (b)(1)(A) and 846, conspiracy to distribute, and possession with the intent to distribute cocaine hydrochloride and cocaine base. [*See* Doc. 76]. At the April 2000 sentencing hearing before the Honorable Thomas G. Hull, the Court found that the offense involved 53.1 grams of cocaine base[1], which corresponded to a base offense level of 32. [Presentence Investigation Report (PSR) ¶¶ 56-57]. Because the defendant had two prior federal drug convictions, he faced an enhanced statutory penalty of twenty years to life imprisonment.

After a three-level reduction for acceptance of responsibility, the defendant's total offense level was 34 and his criminal history category was VI. [PSR ¶ 24]. This yielded an advisory sentencing guideline range of 262 to 327 months' imprisonment, but restricted by the enhanced mandatory minimum of 240 months' imprisonment. *See* U.S.S.G. 4B1.1(b). The government moved

---

[1] The Court also found that the offense involved 467.8 grams of cocaine hydrochloride. [PSR ¶¶ 56-57].

1

for downward departure based on defendant's substantial assistance; the Court granted the government's § 5K1.1 motion and imposed a sentence of 144 months and a ten-year term of supervised release. [Doc. 144]. Defendant unsuccessfully sought postconviction relief. [Docs. 178, 179].

To this date, the Court has been advised that defendant has been in federal custody for 87 months, and has a projected release date of October 15, 2022, according to the Federal Bureau of Prison's website. [Docs. 183 at 2; 184 at 4].

## II. Analysis

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act expressly permits sentence modification for some defendants.

On December 21, 2018, the President signed the First Step Act of 2018, Pub. L. 115-391, into law. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties

of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." *See Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the defendant could not obtain relief under the Fair Sentencing Act.

Defendant argues that he is eligible for a sentence reduction under § 404. [Doc. 183]. More particularly, defendant argues his drug offense is a "covered offense" under Section 404(a), because the statutory penalty in was modified by section 2 of the Fair Sentencing Act, and his violation was committed before August 3, 2010. [*Id.* at 6-7]. Defendant argues the Court should impose a reduced sentence of 144 months' imprisonment. [*Id.* at 10]. According to the defendant, the calculation should include his time served in both federal and state prison on charges stemming from relevant conduct, rendering him eligible for a time served sentence and subject to immediate release. [*Id.* at 7-10].

The government argues that even though defendant committed his offense before August 3, 2010, and even though his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, the Court should refrain from imposing a sentence reduction in this case. [Doc. 184 at 4-6]. Specifically, the government contends that under the Fair Sentencing Act, defendant's career-offender guideline range remains unchanged, and therefore, should not warrant a sentence reduction. [*Id.* at 4-5].

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense 1evel as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant committed the offense, the Act reduced defendant's enhanced mandatory minimum from twenty-years to ten-years imprisonment with the

3

statutory maximum remaining life imprisonment. *See* U.S.S.G. 4B1.1(b). Based thereon, as a career offender, defendant's guideline range remains unchanged at 262 to 327 months' imprisonment. The fact that defendant's guideline range remains unchanged, however, does not foreclose a reduction of his sentence, at least not where the mandatory minimum sentence was thereafter reduced by Section 2 of the Fair Sentencing Act. *See United States v. Bean*, No. 1:09-cr-143, 2019 WL 2537435, at *5-6 (W.D. Mich. June 20, 2019). "If Congress had intended to limit eligibility under § 404 only to cases in which the guideline range had been lowered, again, it could have said so, but the First Step Act contains no such limiting language and this Court shall not read such a limitation into the statute." *United States v. Garrett*, No. 1:03-cr-00062-SEB-DML-01, 2019 WL 2603531, at *7-8 (S.D. Ind. June 25, 2019).

Under the First Step Act, the Court may "exercise the full range of its discretion consistent with the Section 3553(a) factors." *Bean*, 2019 WL 2537435, at *6. The defendant notes that he has only been in federal custody since May 2012 and his federal sentence has only been running since that time period. [Doc. 183 at 7].

Defendant was writted into federal custody January 1999. Even though he was in federal custody, defendant faced multiple state sentences. Notably, he faced a state sentence based on the same case, Sullivan County Tennessee Criminal Court, docket number S41,514. [Doc. 183-1]. He also faced a three-year term for a parole revocation in Sullivan County Tennessee Criminal Court, docket number S25,997, and an eight-year term of imprisonment for a parole revocation in Sullivan County Tennessee Criminal Court, docket number S37934. Defendant's federal sentence ran consecutively to these state sentences, Sullivan County Tennessee Criminal Court, docket number S25,997[2]. [Docs. 144, 165]. Defendant served both of those revocations in the Tennessee state

---

[2] The judgment was amended in 2007 to read that defendant's sentence would run consecutive to Sullivan County Tennessee Criminal Court, docket number S37934 instead of S25997. [Doc. 165].

4

system from 2000 until August 2003.

Defendant remained in state system until 2012 serving the twenty-year sentence he received in Sullivan County Tennessee Criminal Court, docket number S41,514. [Doc. 183-1]. When defendant was transferred to federal prison, he was not credited for the time he served in the state system, despite the July 2001 state court judgment stating that the sentence was to run concurrent with "2:98-CR-53-03 DIST. CRT. – EAST TN," the docket number of the case before this Court. [*Id.*].

As a starting point, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Further, a federal sentencing court has the authority to determine whether a federal sentence will be concurrent or consecutive to an anticipated but not yet imposed state sentence, although it is not required to make a determination before the anticipated sentence is imposed. *Setser v. United States*, 566 U.S. 231, 234-42 (2012). The relevant Sentencing Guideline, added after *Setser* by U.S. Sentencing Guideline amendment 787, effective November 1, 2014, provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." USSG § 5G1.3. Here, defendant was sentenced before the *Setser* decision, and this Court did not specify whether or not the anticipated term of imprisonment should run concurrently to the instant federal offense. Defendant was detained in state custody for the same offense conduct and on several other unrelated charges. Thus, defendant's state charges in docket number S41,514 were relevant conduct to his federal conviction.

This Court sentenced the defendant to 144 months. To this date, the Court has been advised that defendant began serving his state sentence on relevant charges in August 2003. In total, defendant has served approximately 192 months of imprisonment on the same offense conduct.

After its review of the record, the Court concludes that the defendant is eligible for relief in pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), and elects to exercise its discretion to reduce defendant's sentence. The First Step Act now permits the Court to exercise the full range of its discretion with the Section 3553(a) factors. As such, the Court reduces defendant's sentence to a period of time served.

This sentence reflects the purposes of sentencing, including the seriousness of the offense, deterrence to others, protecting the public, respect for the law, and providing rehabilitative opportunities. In evaluating the extent of the reduction, the Court takes into consideration defendant's post-conviction conduct. Defendant informs the Court of his work assisting nurses, and working in the kitchen at FMC Butner, and his multitude of class completions while in custody.

One final matter is the defendant's request to reduce his term of supervised release. [Doc. 183 at 11]. Originally the statute required a minimum term of supervised release for at least ten years for his conviction.[3] Now, the application of the Fair Sentencing Act requires a term of supervised release of at least eight years, given the defendant's prior felony drug convictions. The Court sees no reason in the present case why application of the Fair Sentencing Act would justify a reduction in the defendant's term of imprisonment but not a reduction in his term of supervised release. Accordingly, the Court finds that the defendant's request to reduce his term of supervised release in accordance with the now applicable Fair Sentencing Act's statutory language is appropriate as well.

In his brief, defendant argues he is entitled to a plenary resentencing under the First Step Act. [Doc. 65 at 14-16]. Contrary to defendant's contentions, the First Step Act does not provide for a plenary resentencing. *See United States v. Boulding*, ____, F. Supp. 3d ___, No. 1:08-cr-65-01, 2019 WL 2135494, at *14-15 (W.D. Mich. May 16, 2019); *see also United States v. Davis*, No. 07-CR-

---

[3] *See* 21 U.S.C. § 841(b)(1)(B), *amended* by Fair Sentencing Act (requiring a term of supervised release "of at least 8 years" if the defendant had a prior felony drug offense conviction for a violation containing 28 grams or more of a mixture containing cocaine base).

6

245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing.").

### III. Conclusion

Therefore, it is hereby **ORDERED** that defendant's motion to reduce sentence pursuant to Section 404 of the First Step Act, [Doc. 183], is **GRANTED**. Based on the record, the Court, in its discretion, reduces the defendant's sentence to a period of time served. All other terms and conditions of the defendant's judgment [Doc. 144], as amended by Document 165, shall remain in full force and effect.

This order, however, shall not take effect for ten (10) days after the entry of the order to allow the Bureau of Prisons sufficient time to process defendant for release.

The Clerk of the Court is further **DIRECTED** to provide copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

So ordered.

ENTER:

                                                         s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE